# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| In re<br><br>SHOOT THE MOON, LLC,<br><br>Debtor<br>_____<br><br>JEREMIAH FOSTER, as Trustee for chapter 11 estate of SHOOT THE MOON, LLC.<br><br>Plaintiff,<br><br>DENNIS CONNER, an individual, and JOHN DOES 1010,,<br><br>Defendants. | CV-18-84-GF-BMM<br><br>**ORDER** |

    Plaintiff Jeremiah J. Foster ("Foster") filed an action in bankruptcy court against defendant Dennis Conner ("Conner") on October 19, 2017. (Doc. 3 at 1.) Conner filed a Motion to withdraw the Reference of the Adversary Proceeding from bankruptcy court on June 15, 2018. (Doc. 1.) Foster opposes the motion. (Doc. 4.)

1

# FACTUAL BACKGROUND

Conner at one point maintained membership of fifteen LLCs including Shoot the Moon III, LLC ("STM III"), and Shoot the Moon X Realty, LLC ("STMXR"). Conner made loans to STM III while a member of STM III that were consolidated into a single promissory note from STM III to Conner.

Conner's membership interest in the entities ended pursuant to the terms of a Redemption Agreement executed on January 1, 2014. Conner received a building at 1401 Market Place Drive, Great Falls, Montana, in exchange for his membership interest. STMXR transferred The Market Place Property by Warranty Deed from STMXR to Conner on August 6, 2014.

Nineteen individual and stand-alone LLCs were merged into Shoot the Moon, LLC ("STM") on October 20, 2015. STM filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Montana the following day. Conner filed a proof of claim as a creditor against Debtor's Bankruptcy Estate in the amount of $923,351.12, on January 19, 2016. Conner amended his proof of claim against Debtor's Bankruptcy Estate to increase his claim to $955,745.14 on May 31, 2016.

The parties agreed to attempt to resolve potential claims through mediation. The parties negotiated and executed a "Tolling Agreement" on October 12, 2017.

(Doc. 5.) The Tolling Agreement extended the deadline on all claims and defenses until December 8, 2017. *Id.*

Foster commenced a preference and fraudulent transfers proceeding against Conner in bankruptcy court on October 19, 2017. The parties failed to resolve the matter through mediation. Conner filed a Notice to withdraw his proof of claim with the bankruptcy court while the Tolling Agreement was still in effect on November 27, 2017. Conner then moved for this Court to withdraw the reference from bankruptcy court on June 15, 2018. (Doc. 1.) Foster opposes the motion. (Doc. 4.)

The Court conducted a status conference on November 19, 2018. (Doc. 8.) The parties and the Court agreed that the Court's order on Conner's motion to withdraw the reference would follow the bankruptcy court's order on Conner's Motion to withdraw the proof of claim. *Id.* The bankruptcy court granted Conner's Motion to withdraw his Proof of Claim on January 9, 2019. This Order addresses Conner's Motion to withdraw the reference from bankruptcy court. (Doc. 1.)

## LEGAL STANDARDS

A motion requesting withdrawal of the reference from the bankruptcy court must be heard by the district court judge. Fed. R. Bank. P. 5011(a). Once the

motion for withdrawal comes before the district court, it must make appropriate findings supporting withdrawal, or deny the motion.

Article III of the United States Constitution vests the judicial power of the United States in the United States Supreme Court and such inferior courts as Congress may occasionally ordain and establish. U.S. Const. art III, § 1. District courts possess original jurisdiction over bankruptcy cases and related proceedings. A district court may refer a proceeding arising under title 11, or related to a case under title 11, to the bankruptcy judge for the district. 28 U.S.C. § 157(a).

A party that files a proof of claim voluntarily brings itself into the bankruptcy court. *See In re Global Technovations*, 694 F.3d 705, 722 (6th Cir. 2012). The party's triggering of the bankruptcy court's jurisdiction provides the bankruptcy court with jurisdiction to hear the entire case. *See Sec. Investor Protection Corp. v. Bernard L Madoff Inv. Sec. LLC*, 454 B.R. 307, 317 (S.D.N.Y. 2011).

## DISCUSSION

**I.** **Whether the bankruptcy court has authority to adjudicate this matter**

Conner argues that he did not consent to the bankruptcy court's jurisdiction. (Doc. 2 at 10.) Article III requires knowing and voluntary consent to adjudication by a bankruptcy judge. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct 1932, 1939

(2015). A litigant's consent must be express or implied. *Id.* Conner asserts that the Tolling Agreement executed between the parties preserved his right to a jury trial before an Article III judge. (Doc. 16 at 7.)

A claimant who brings a claim in bankruptcy, followed by a trustee's assertion of an adversary action against the claimant, generally "becomes part of the claims-allowance which is triable only in equity." *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990). Such action extinguishes the right to a jury trial once a party has filed a proof of claim in bankruptcy court. *Id.* at 44-45. The party's subsequent withdrawal of a proof of claim normally does not deprive the bankruptcy court of its equitable jurisdiction. *See Madoff*, 454 B.R. at 317.

Conner filed his proof of claim on January 19, 2016. Conner amended his proof of claim on May 31, 2016. Conner's actions constituted an implication of the claims allowance process in bankruptcy court. Such action normally would constitute Conner's consent to the bankruptcy court's equitable power. *See Langenkamp*, 498 U.S. at 44. The Tolling Agreement presents a unique circumstance, however, regarding the implication of bankruptcy court jurisdiction.

The parties negotiated and executed the Tolling Agreement on October 12, 2017. The Tolling Agreement provides that Conner preserves "any right to dispute whether the bankruptcy court has jurisdiction over any or all claims presented by

5

Trustee[.]" The Tolling Agreement further states that Conner reserves "any other rights, claims, actions defenses, set-offs, or recoupments[.]" The Tolling Agreement extended the deadline on all claims and defenses until December 8, 2017. Conner argues that the Tolling Agreement preserved his right to withdraw the proof of claim and to contest jurisdiction of the bankruptcy Court.

Foster filed his adversary proceeding against Conner on October 19, 2017, seven days after the parties had signed the Tolling Agreement. Conner filed his withdrawal of his proof of claim in bankruptcy court on November 27, 2017. Conner subsequently moved to withdraw his proof of claim on February 22, 2018. Foster opposed the motion.

The bankruptcy court issued its decision on Conner's motion to withdraw his proof of claim on January 9, 2019. (Doc. 11-1.) The bankruptcy court determined that "the prospect that trial of the adversary proceeding may be before the District Court, or that it may be conducted as a jury trial, does not amount to 'legal prejudice.'" *Id.* at 7. The bankruptcy court granted Conner's motion to withdraw. Conner no longer possesses a proof of claim in bankruptcy court. This Court must address Conner's motion to withdraw the reference from bankruptcy court. *See* Fed. R. Bank. P. 5011(a).

The Tolling Agreement preserved Conner's ability to contest the bankruptcy court's jurisdiction. Conner contested the bankruptcy court's jurisdiction pursuant to his withdrawal of his proof of claim. The bankruptcy court further determined that no legal prejudice stemmed from Conner's withdrawal of his proof of claim. This Court agrees with the bankruptcy court's conclusion.

Conner no longer maintains a claim in bankruptcy court. It follows that Conner's preservation of his right to contest bankruptcy court jurisdiction, combined with the absence of proof of claim in bankruptcy court, must result in a withdrawal of the adversary proceeding in bankruptcy court. The "right to a jury trial is a fundamental constitutional right and, accordingly, should carry a presumption against waiver." *Field v. Albright (In re Maui Indus. Loan & Fin. Co.)* Adv. Pro. No. 10-90121, 2012 Bankr. LEXIS 735 (Bankr. D. Haw. Feb. 8, 2012 (*citing Aetna Ins. Co. v. Kennedy ex. rel. Bogash*, 301 U.S. 389 (1937); *Pradier v. Elespuru,* 641 F.2d 808, 811 (9th Cir. 1981)). The adversary proceeding falls outside of the claims allowance process and does not constitute a waiver of Conner's right to a jury trial under these circumstances.

## CONCLUSION

The parties' Tolling Agreement preserved Conner's right to contest bankruptcy court jurisdiction. The bankruptcy court granted Conner's motion to

withdraw the proof of claim. Conner no longer maintains a claim in bankruptcy court. Conner did not expressly or impliedly consent to bankruptcy court jurisdiction under these circumstances. Conner's motion to withdraw the reference from bankruptcy court must be granted.

## ORDER

Accordingly, it is **ORDERED** that Conner's Motion to Withdraw the Reference of Adversary Proceeding from bankruptcy court (Doc. 1) is **GRANTED**.

DATED this 2nd day of July, 2019.

_____
Brian Morris
United States District Court Judge