**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| JEREMIAH FOSTER, as trustee of the STM Liquidating Trust,<br><br>                              Plaintiff,<br><br>     vs.<br><br>DENNIS CONNER, an individual, and JOHN DOES 1−10,<br><br>                              Defendants. | **CV-18-84-GF-BMM**<br><br><br>**ORDER   ON   DEFENDANT'S MOTION TO COMPEL** |

Plaintiff Jeremiah Foster ("Foster") filed an Amended Complaint against Defendant Dennis Conner ("Conner") and John Does 1−10, alleging claims related to the bankruptcy of several Shoot the Moon entities (STM). Doc. 39. Parties dispute whether Foster needs to comply with Conner's discovery requests related to Resolute Commercial Services ("Resolute").

Conner seeks discovery related to Foster's employment of Resolute and Nicole Manos for services related to the bankruptcy proceedings for Shoot the Moon, LLC ("STM") and adversarial proceedings against Conner. Doc. 80−20. Foster asserts that such discovery requests exceed the permitted scope of discovery.

1

*Id*.  Conner filed a motion to compel.  Doc. 78.  This Court held a hearing on this matter on September 28, 2020.  Doc. 104.

**ANALYSIS**

Parties may obtain discovery regarding any nonprivileged matter that will be relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  Evidence need not be admissible to be relevant, and thus discoverable.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Courts generally allow discovery matters that the requesting party could use to impeach the responding party's witnesses.  *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).

Foster serves as the Trustee of the STM bankruptcy.  Doc. 81−20.  Foster used Resolute to provide assistance during the proceedings related to the STM bankruptcy.  *Id*. at 2.  Nicole Manos ("Manos") serves as a managing director at Resolute.  Foster hired Manos to analyze the financial situations of various STM entities.  Doc. 81−12 at 3.  Both Foster and Manos likely will testify at trial.

Conner is entitled to conduct discovery related to matters that he could use to impeach Foster's witnesses.  *See Hickman*, 329 U.S. at 511.  Conner is allowed to explore in cross-examination any bias or motive that those witnesses might possess. This potential bias or motive includes any benefit, salary, or compensation that Foster, Manos, Resolute, or any other witness may have received in exchange for

their services and testimony related to the STM bankruptcy and adversarial proceedings against Conner.  *Id.*

Conner previewed this potential cross-examination in a lengthy presentation to this Court at the hearing.  Doc. 104.  The Court anticipates that Conner likely will seek to replay this lengthy presentation in front of the jury at the trial in this matter. The Court will make a final determination regarding the admissibility of this material and rule on any objections to this material at the time of trial.  The Court reminds the parties that information that might be discoverable under the Federal Rules of Civil Procedure does not necessarily equate with the admissibility of this information under the Federal Rules of Evidence.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 351.

## ORDER

Accordingly, **IT IS ORDERED**:

Conner's motion to compel (Doc. 78) is **GRANTED**.  Foster shall respond to the following discovery requests in Doc. 81-20:

1.  Requests for Production Nos. 84−88; and,

2.  Interrogatory Nos. 3−7.

Both parties shall bear their own fees and costs associated with this motion.

DATED this 13th day of November, 2020.

Brian Morris, Chief District Judge
United States District Court