# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| JEREMIAH FOSTER, as trustee of the STM Liquidating Trust,<br><br>                    Plaintiff,<br><br>    vs.<br><br>DENNIS CONNER, an individual, and JOHN DOES 1−10,<br><br>                    Defendants. | **CV-18-84-GF-BMM**<br><br><br>**ORDER ON PLAINTIFF'S MOTION IN LIMINE AND DEFENDANT'S MOTION IN LIMINE.** |

Plaintiff Jeremiah Foster ("Foster") filed an Amended Complaint against Defendant Dennis Conner ("Conner") on November 1, 2019. Doc. 39. Foster alleges several counts against Conner related to the bankruptcy of nineteen Shoot The Moon entities (collectively, "STM"). *Id*. The Court scheduled trial for December 7, 2020. Doc. 49. Foster filed a motion in limine asking the Court to exclude, among other matters, evidence related to fee schedules and other adversarial proceedings related to the STM bankruptcy. Doc. 62. Conner filed a motion in limine asking the Court to exclude, among other matters, evidence related to the value, appraisal, and sale of the bank property that STM transferred to Conner

1

in August 2104.   Doc. 80.   The Court held a hearing on September 28, 2020. Doc. 104.

LEGAL STANDARD.

The Court will grant a motion in limine to exclude evidence only when the evidence would be "inadmissible on all potential grounds."   *McDonald v. Townsquare Media, LLC*, 2014 WL 12600456, at *1 (D. Mont. 2014).

FOSTER'S MOTION IN LIMINE (DOC. 62).

Foster seeks to bar from trial the following evidence:

1.   Any other adversarial actions commenced by Foster related to the Shoot The Moon bankruptcy;

2.   Fees or costs paid to Plaintiff in exchange for services in his capacity as Trustee of the Shoot The Moon Liquidating Trust;

3.   Fees or costs paid to Resolute Commercial Services in exchange for their services;

4.   Fees or costs paid to Cotner Law Firm, LLC;

5.   The amount of money Conner has lost through investment in Shoot The Moon entities and loans made to Shoot The Moon entities;

6.      (a) Foster's investigation and determination of the legitimacy of the adversary proceedings which Foster Commenced;

(b)  Assertions that the adversarial proceedings pursued by Foster were frivolous and without merit;

(c)  Assertions that Foster is wrongfully profiteering from his own company's involvement in the Shoot The Moon bankruptcy and adversarial actions Foster had brought;

(d)  Foster's or Resolute Commercial Services' involvement creates a disincentive for expeditiously closing the estate; or is an incentive for creative prosecution based on baseless and marginal claims;

(e)  That the adversarial proceeding has resulted in a bleeding of the estate;

(f)  That Foster is the principal in Resolute Commercial Services and as such is a disinterested party;

(g)  The assertion that Foster is self-dealing, ignoring or avoiding conflicts of interest in his actions have the appearance of impropriety;

(h)  Foster's proposal to hire Resolute Commercial Services as the accountant within the Shoot The Moon bankruptcy proceeding, including the U.S. Trustee's position with respect to such request and subsequent procedural steps;

3

(i)  Discussion of Foster or Resolute Commercial Services improperly profiteering from the Shoot The Moon bankruptcy or other related adversarial proceedings.

Doc. 62 at 2−4.

**ANALYSIS**

The Court will grant a motion in limine to exclude evidence from trial only when the evidence would be "inadmissible on all potential grounds."  *McDonald*, 2014 WL 12600456, at *1.  Foster argues that the evidence outlined in Foster's motion in limine is irrelevant under Rule 402.  Doc. 63 at 5.  Foster argues, in the alternative, that all the evidence outlined in Foster's motion in limine should be excluded under Rule 403 because it would confuse the jury and lead to unnecessary litigation of collateral issues with no bearing on the present case.  *Id.*  at 11−12.

Conner categorizes the evidence in Foster's motion in limine as follows:  (1) evidence of self-dealing by Foster and Resolute Commercial Services, and (2) evidence of Conner's lost investments in STM.  Doc. 83 at 4.  Conner contends that Foster's claims rely heavily on the testimony of Foster's expert witness, Nicole Manos.  *Id.*  Manos serves as a managing director at Resolute Commercial Services.  *Id.*  Conner contends that the payment framework between Foster, Manos, and Resolute Commercial Services represents probative impeachment evidence to elucidate any improper motive or bias in Manos's testimony.  *Id.* at 12.  Conner

4

contends that evidence of Conner's lost investments proves necessary to Conner's defenses. *Id.* at 13. For example, Foster has to prove that Conner received more money in the alleged preferential transfer than Conner would have received in a hypothetical Chapter 7 proceeding. *Id.* A hypothetical Chapter 7 proceeding would require calculating Conner's pro rata share based on the amount STM owed to Conner. *Id.*

Considering the potential issues Conner raised to which the evidence may be relevant, Foster has failed to show at this time that the evidence would be inadmissible on all possible grounds. *See McDonald*, 2014 WL 12600456, at *1. Foster's motion in limine (Doc. 62) is denied without prejudice. Foster remains free at trial to raise new motions to exclude this evidence. The Court will be better positioned at trial to determine the admissibility of this evidence in relation to other evidence presented.

## CONNER'S MOTION IN LIMINE (DOC. 80).

Conner seeks to bar from trial the following evidence:

1. Opinions required to be disclosed by Fed. R. Civ. P. 26(a) that were not timely and properly disclosed;

2. Fact evidence not previously disclosed to Conner;

3. Conner's sale of the bank property;

5

4.  The PMB bank appraisal by Joe Seipel;

5.  The fair market value of the bank property on August 6, 2014;

6.  Whether STM/STMXR received less than a reasonably equivalent value in exchange for the bank property;

7.  Foster's claim that STMXR had only $86,017.20 in cash on August 6, 2014;

8.  Foster's claim that contingent liabilities arising from guarantees to Conner should have been reported as accrued on the August 6, 2014 balance sheet of STMXR;

9.  Conner is liable to the Chapter 11 Estate of Shoot The Moon, LLC, on whose behalf Foster has sued; and,

10.  Evidence contradictory to STM III's payments made to Conner during the preferential period were made in the ordinary course of business or financial affairs of STMXR and according to ordinary business terms.

Doc. 80 at 3−4.


## ANALYSIS.

The Court will grant a motion in limine to exclude evidence from trial only when the evidence would be "inadmissible on all potential grounds." *McDonald*, 2014 WL 12600456, at *1. The bulk of Conner's arguments rely on the assertion

that Foster failed to disclose the expert witnesses necessary to introduce this evidence at trial. Doc. 81. For example, Conner contends that Foster did not disclose expert witnesses to testify about the value of the bank property, the bank appraisal, or STM's financial situation on certain dates. *Id*.

Foster contends that Foster has disclosed witnesses with the necessary qualifications to give testimony on the bank sale, the bank appraisal, and STM's financial situation. Doc. 89. Foster cites F. R. Evid. 702 and 703. *Id*. Foster also contends that Conner's ordinary course of business defense to Foster's preferential transfer claim requires a fact-specific inquiry that does not mandate expert testimony to rebut. *Id*. at 12.

Conner has failed to show at this time that the evidence in Conner's motion in limine would be inadmissible on all possible grounds. *See McDonald*, 2014 WL 12600456, at *1. Conner's motion in limine (Doc. 80) is denied without prejudice. Conner remains free at trial to raise new motions to exclude this evidence. The Court will be better positioned at trial to determine the admissibility of this evidence in relation to other evidence presented.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Foster's motion in limine (Doc. 62) is **DENIED** without prejudice. Foster may renew Foster's motion at trial.

2.  Conner's motion in limine (Doc. 80) is **DENIED** without prejudice.  Conner may renew Conner's motion at trial.

DATED this 13th day of November, 2020.


_____
Brian Morris, Chief District Judge
United States District Court